UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN RIANO-ORJUELA,
formerly known as John
Riano–Orjueal,

        Plaintiff,

  v.              9:18-CV-0489
                   (DNH/TWD)
G. LEHOISKY, Correction Officer
(C.M.C.F.) and PHIL MELECIO,
Dept. Supertendent of Programs
(G.M.C.F.)

        Defendants.

---

APPEARANCES:

JOHN RIANO-ORJUELA
31-52 34th St., Apt. D1
Astoria, NY 11106

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

Pro se plaintiff John Riano-Orjuela ("Riano-Orjuela" or "plaintiff") commenced this civil rights action in April 2018. Plaintiff asserted claims for the violation of his constitutional rights arising from a strip search and disciplinary hearing that were conducted while plaintiff was confined in Great Meadows Correctional Facility.[1] *See generally* Dkt. No. 5.

Upon review of the complaint under 28 U.S.C. § 1915A, this Court determined that some of Riano-Orjuela's claims survived review and required a response. Dkt. No. 7 ("June Order"). Plaintiff was provided an opportunity to submit an application to proceed in the

---

[1] Plaintiff paid the filing fee in this action on or about May 22, 2018.

action *in forma pauperis* ("IFP") or to request an order from the Court directing service by the United States Marshal. June Order at 18.

Because Riano-Orjuela did not submit an IFP application or request assistance with service of process within 14 days of the June Order as directed, on July 5, 2018 the Clerk issued summonses for the remaining defendants and forwarded them to plaintiff to effectuate service of process. Dkt. No. 8.

On September 25, 2018, the Court issued a text order explaining to Riano-Orjuela that the 60-day time frame within which the summons and complaint were to be served on the defendants had expired and directed plaintiff to advise the Court as to the status of the service by October 12, 2018. Dkt. No. 9 ("Sept. Text Order").[2] Plaintiff has not complied with that text order, and there has been no indication that plaintiff has effectuated service of process on either of the remaining defendants.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon plaintiff's failure to prosecute an action or comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

Although Rule 41(b) also grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss sua sponte), "courts retain the inherent power' to sua sponte 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The local rules of practice for this Court shorten the period for service of process to 60 days. N.D.N.Y. L.R. 4.1(b).

2

parties seeking relief." *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Indeed the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a). For instance, that discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. 630-31; *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

Upon review of the docket, there is no record that Riano-Orjuela has effectuated service of process on the defendants as directed by the Court in the June Order.[3] Indeed, plaintiff has not communicated with the Court regarding any aspect of this litigation since May 22, 2017, when he filed his amended complaint. Dkt. No. 5. In this district, the local rules of practice provide that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

Riano-Orjuela is hereby afforded a **FINAL** opportunity to effect service of the summons and complaint on the defendants and to file proof of that service with the Clerk in accordance with Rule 4(l) of the Federal Rules of Civil Procedure.[4] **Plaintiff is advised that his failure to comply will result in the dismissal of this action without prejudice, without further Order of this Court as against any unserved defendants.**

---

[3] There is no indication on the docket that plaintiff did not receive the June Order or the summonses issued by the Clerk.

[4] Rule 4(l)(1) states in relevant part that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

3

Therefore, it is

ORDERED that

1. The deadline for plaintiff to effect service of process of the summons and complaint on defendants G. Lehoisky and Phil Melecio is reset to **December 17, 2018**;

2. Plaintiff shall file proof of service on defendants in accordance with Rule 4(l)(1) of the Federal Rules of Civil Procedure no later than **December 26, 2018**;

3. In the event plaintiff fails to timely provide proof of service on one or more of the defendants, this action will be **dismissed against any unserved defendants, without prejudice, without further order of this Court**; and

4. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: November 19, 2018
       Utica, New York

United States District Judge