UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN RIANO-ORJUELA,

                Plaintiff,

    v.                                                 9:18-CV-0489
                                                         (DNH/TWD)
G. LEHOISKY, Correction Officer
(C.M.C.F.) and PHIL MELECIO, Dept.
Supertendent of Programs (G.M.C.F.),

                Defendants.

---

APPEARANCES:

JOHN RIANO-ORJUELA
31-52 34th St.
Apt. D1
Astoria, NY 11106

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

Plaintiff John Riano-Orjuela ("Riano-Orjuela" or "plaintiff") commenced this civil rights action in April 2018. Plaintiff asserted claims for the violation of his constitutional rights arising from a strip search and disciplinary hearing that were conducted while plaintiff was confined in Great Meadows Correctional Facility.[1] *See generally* Dkt. No. 5.

Upon review of the complaint under 28 U.S.C. § 1915A, this Court determined that some of Riano-Orjuela's claims survived review and required a response. Dkt. No. 7 ("June Order"). Plaintiff was provided an opportunity to submit an application for *in forma pauperis* ("IFP") status for purposes of service or request an order from the Court directing service by

---

[1] Plaintiff paid the filing fee in this action on or about May 22, 2018.

the United States Marshal and provide payment of the service fee to the United States Marshal. June Order at 18.

Because Riano-Orjuela did not submit an IFP application or request assistance with service of process within 14 days of the June Order as directed, on July 5, 2018, the Clerk issued summonses for the surviving defendants and forwarded them to plaintiff to effectuate service of process. Dkt. No. 8.

On September 25, 2018, the Court issued a text order explaining to Riano-Orjuela that the 60-day time frame within which the summons and complaint were to be served on the defendants had expired and directed plaintiff to advise the Court of the status of service by October 12, 2018. Dkt. No. 9 ("Sept. Text Order").[2] Plaintiff did not comply with that text order.

On November 19, 2018, the Court issued a Decision and Order warning Riano-Orjuela that the Court would dismiss this action based on plaintiff's failure to prosecute in accordance with Rule 41 of the Federal Rules of Civil Procedure if plaintiff did not provide proof of service on defendants by December 17, 2018. Dkt. No. 10 ("November Order") at 2-3.

By regular and certified mail, the Clerk sent Riano-Orjuela a copy of the November Order using the address provided to the Court at the outset of this action. The November Order, however, was returned to the Court on or about December 17, 2018, indicating there is "no mail receptacle" at the address provided by plaintiff. Dkt. No. 11 at 1.

As of today's date, there is no record that Riano-Orjuela has effectuated service of

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The local rules of practice for this Court shorten the period for service of process to 60 days. N.D.N.Y. L.R. 4.1(b).

2

process on the defendants as directed by the Court. In addition, plaintiff has not communicated with the Court regarding any aspect of this litigation, including to update his address, since May 22, 2017, when he filed his amended complaint. Dkt. No. 5. As indicated to plaintiff in the November Order, his failure to effectuate service on defendants and actively prosecute this action warrants dismissal at this time.

Therefore, it is

ORDERED that

1. Plaintiff's amended complaint (Dkt. No. 5) is **DISMISSED without prejudice**;

2. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: January 17, 2019
       Utica, New York.

United States District Judge